West Goshen Township, Appellant, *v.* Bible Baptist Church of West Chester, Appellee.

Argued October 5, 1973, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Ronald C. Nagle,* Solictor, with him *Buckley & Nagle,* for appellant.

*W. Robert Landis,* with him *Landis, Malcolm & Riley,* for appellee.

OPINION BY JUDGE WILKINSON, November 23, 1973:

This is an appeal from the decision of the lower court allowing appellee a variance to use on-site water in operating a parochial school, the operation of the parochial school being permitted by special exception. It is agreed that appellee qualifies in all respects for the special exception but for the fact that the zoning ordinance requires off-site water which is not available. The Zoning Hearing Board had denied the variance and was reversed by the lower court.

In 1969, in a prior proceeding, appellee had obtained a special exception to build and use a church and Sunday school on this site with a variance for use of on-site water provided certain special conditions were met with regard to the approval of the on-site well and its periodic inspection, as well as an agreement that appellee would discontinue its use of the on-site well and change to off-site public water whenever it became available. Appellee met and continues to meet these conditions. It now applies to use the church buildings for a parochial school for pre-kindergarten, kindergarten, and grades one and two, anticipating about 45 students.

The Zoning Hearing Board, from its comments at the hearing and from its opinion, apparently felt it did not have authority to grant the variance and, indeed, indicated it felt it made a mistake in 1969 when it granted the previous one. It found as a fact that no new structure would be needed and that off-site sewer facilities were available and used. It also found as a fact the present well provided pure and potable water, and that there was no danger to the public health, safety, morals or welfare and none would be created by granting the variance. The Board did state that in general the provision of the zoning ordinance requiring off-site water bore a reasonable relationship to the public health, safety, morals or welfare; nevertheless, the

Board found this provision did not so relate in this instance, and went on to say: "The Board has no question in finding that the provisions of this type of an educational use is a desirable and in fact a needed use in the community and that the intentions to provide such a use are indeed laudable. As much as the members of the Board would like to see such a use granted, we are here faced not with a question of the desirability of the use, but with the question of the availability of the use under the zoning ordinance and it is not this board's function to vary from the patterns of zoning requirements set forth by the Township's Board of Supervisors. Hence, the question is not, should there be a church related day school. Rather, the question is, may the Board permit that use to be conducted here at the site requested without the compliance of the terms of the Ordinance which are conditions precedent to the grant of the special exception. We believe this Board has no such power. Thus, there may be no variance from the requirements for public water merely because it is not readily available, and, therefore, this would preclude the use of the premises for educational purposes. Had the supervisors intended to the contrary, they would have so stated. It is not incumbent upon the Board to re-write the zoning ordinance to conform to the needs of a specific applicant."

The lower court held that it was a manifest abuse of its discretion for the Board to take this position. We agree with the court below and must affirm.

While not controlling, it is certainly significant that all of the witnesses at the hearing spoke in favor of the application. There were no protestants. It is also significant that there was affirmative evidence that not only was there no public water main within 800-1,000 feet of the property, but, in addition, it was affirmatively shown that the Authority that had the

franchise to supply public water in this area was not accepting any new customers.

The Board felt that the appellee had not shown unnecessary hardship peculiar to its property. Appellant cites and relies on the long line of cases which properly establish that unnecessary hardship to the property in question must be established. *See Borough of Ingram v. Sinicrope*, 8 Pa. Commonwealth Ct. 448, 303 A. 2d 855 (1973); *Marple Gardens, Inc. v. Zoning Board of Adjustment and Johnson*, 8 Pa. Commonwealth Ct. 436, 303 A. 2d 239 (1973); *Mobil Oil Corp. v. Zoning Board of Adjustment*, 5 Pa. Commonwealth Ct. 535, 291 A. 2d 541 (1972). An examination of those cases and the authorities therein cited make it clear that the degree of the hardship that must be shown must bear some relationship to the necessity. It would be hard to imagine a more *unnecessary* hardship than not to permit the appellee to use on-site water which is immediately available, is supplied in accordance with a variance granted within three years, and is admittedly healthful water. It becomes even more unnecessary and a more apparent abuse of discretion when not only is the hardship unnecessary, but it is clearly a hardship that is beyond appellee's power to remedy, i.e., it is not a matter of expending money; no off-site water is available at any price. Further, appellee agrees and has agreed to discontinue the on-site water use immediately when off-site water becomes available.

Finally, one of the important factors to be considered is whether the hardship is peculiar to this property. There is certainly nothing in this record to show that there is another property in this Township that has potable and healthful on-site water expressly approved for one purpose as a substitute for off-site water, and not permitted to be used for another purpose with regard to the same property. It is hard to visualize anything more idiosyncratic to this particular property.

Having affirmed the lower court on the same grounds as it used, it is unnecessary for us to rule on whether this off-site water requirement is constitutional as applied to this property when the Board has expressly found that as applied to this property, it does not relate to the public health, safety, morals or welfare of the community.

Affirmed.