Anthony Pitale, Appellant *v.* Philadelphia Zoning Board of Adjustment and Antonio Dominijanni, Appellees.

Argued October 3, 1979, before Judges ROGERS, DISALLE and CRAIG, sitting as a panel of three.

*Ralph M. Evans,* for appellant.

*Henry J. Horstmann,* with him *Frank Carano,* and *Carano and Kunken,* for appellees.

OPINION BY JUDGE ROGERS, October 29, 1979:

Anthony Pitale has appealed from an order of the Court of Common Pleas of Philadelphia County upholding the Philadelphia Zoning Board of Adjustment's grant of a zoning variance to Antonio Dominijanni. The variance would allow Dominijanni to convert a single-family dwelling to a multi-family dwelling in a fashion not in conformity with requirements of the Philadelphia Zoning Code.

Dominijanni owns a three-story, single-family dwelling located in an R-10 Residential Zoning District. He applied to the Philadelphia Department of Licenses and Inspections for permission to convert the single-family dwelling to one containing three apartments. The application was denied because Section 14-211(2)(h)(.3) of the Zoning Code provides that a rear yard of 344 square feet must be provided for multiple dwellings—that is, dwellings accommodating more than two families. The lot here in question had a rear yard of only 80 square feet. Licenses and Inspections also found that the 5 feet depth of the rear yard was deficient, 21 feet 6 inches of rear yard depth being required to produce a 344 square feet rear yard on this 16 feet wide lot. Dominijanni

then applied to the Zoning Board of Adjustment for a variance from this requirement which was granted.

The appellant, Pitale, who owns adjoining property and who had appeared at the Board of Adjustment hearing in protest of the application, appealed the Board's decision to the Court of Common Pleas, which affirmed the Board without taking additional evidence. This appeal followed. The question is whether the Board of Adjustment abused its discretion or committed an error of law.

A variance should be granted only where it is not contrary to the public interest and where it is necessary to provide relief from unnecessary hardship uniquely and peculiarly imposed on the property in question by the application to it of the letter of the zoning regulations. *Magrann v. Zoning Board of Adjustment,* 404 Pa. 198, 170 A.2d 553 (1961). A variance will not be granted in relief of regulations similarly affecting all properties in the district.

The facts of this case plainly show that the regulation treats all properties intended for multiple family use alike—all must have 344 square feet rear yards. Dominijanni's "evidence" in support of his application was presented in the form of a statement of his counsel. Counsel represented merely that Dominijanni proposes to spend $25,000 to construct three modern apartments in the present single-family dwelling; that apartments are in demand and would, according to his assertion, improve the neighborhood; that the property is presently in "dangerous" physical condition; and that it would be "almost impossible to get a mortgage on a structure of this kind this day." There was no showing, by counsel's statement or otherwise, that the building could not be restored and used as a single-family dwelling as the zoning ordinance requires. The hardship (disadvantage would appear to be a better word) which is asserted

to be caused by the ordinance lies, it seems, in its prohibition of a more intensive and hence more profitable use. Economic hardship, much less disadvantage, is not the unnecessary hardship which will support the grant of a variance from zoning regulations. *Schaffer v. Zoning Hearing Board of Upper Darby Township,* 32 Pa. Commonwealth Ct. 261, 378 A.2d 1054 (1977). Therefore, the Board of Adjustment committed an error of law when it granted the variance on this record.

Order reversed.

## Order

And Now, this 29th day of October, 1979, the order of the Court of Common Pleas of Philadelphia County dated August 23, 1978 is reversed, and the variance granted by the Zoning Board of Adjustment is set aside.