In Re: Appeal of Daniel W. Klock From the Logan Township Zoning Hearing Board. Daniel W. Klock, Appellant.

642

Argued May 9, 1980, before Judges WILKINSON, JR., CRAIG and WILLIAMS, JR., sitting as a panel of three.

John P. Mason, with him Lois Reznick, Dechert, Price & Rhoads, for appellant.

David P. Andrews, Patterson, Evey, Routch, Black & Behrens, with him Benjamin I. Levine, Jr., Levine and Reese, for appellee.

Paul S. Foreman, for intervenors.

OPINION BY JUDGE CRAIG, June 3, 1980:

Daniel Klock, the owner of the land involved, has taken this appeal from a decision of the Court of Common Pleas of Blair County which affirmed an ac-

tion of the Zoning Hearing Board of Logan Township (board) rejecting the owner's request for a variance to allow the installation of a private sewage treatment plant in order to permit development of land for single-family dwellings in conformity with the requirements of the R-1 residential zoning applicable to the location.

With the exception of the one matter noted below, there is no substantial dispute in the facts developed before the board, with the lower court taking no additional testimony.

The land consists of two parcels directly across a public road from each other, in an area of the township where, according to uncontradicted testimony submitted by the owner, public sewers do not exist and are not likely to be available for a decade. Because a 1975 percolation test conducted on the first parcel, four acres in size, revealed a water table and soil type unsuitable for septic tanks, the Blair County Sanitary Administrator denied the owner's application for that mode of sewage disposal. Accordingly, the owner has developed plans to provide sewage service for nine dwellings immediately proposed for the first parcel (and, he testified, for future dwellings on the second parcel), by means of a small sewage treatment plant on the larger second parcel, which abuts a creek available for the discharge of treated effluent. To that end, the owner has obtained the initial effluent discharge permit from the Pennsylvania Department of Environmental Resources (DER) and has also received approval from DER and the township of a planning module to include his plant in the Township Sewage Facilities Plan.

Of course, the single-family dwellings permitted by the zoning ordinance cannot be used, and therefore could not be constructed, unless some proper means of sewage disposal is made available.

The board, however, denied the requested variance, which was solely for the treatment plant accessory to the residential development, not for the development itself. The board's reasons were:

1. Because the owner had not proved that the sewage plant would be free of occasional odors, it might be a nuisance; and

2. In the future, the owner might possibly default with respect to financial support of the sewage plant operation, so that the township would have to assume that financial responsibility.

The lower court did not deal with the physical circumstances of the land nor with the existence of hardship, nor did it mention the board's view concerning possible odors from a treatment plant; the court below affirmed the board solely upon the rationale that financial responsibility for operating the sewage plant might fall upon the township.

Of course, under Section 912 of the Pennsylvania Municipalities Planning Code (MPC),[1] entitlement to a variance depends upon the existence of unique physical circumstances of the land, causing unnecessary hardship in the sense that they prevent development of the property if strict conformity with the zoning regulations is required; moreover, the requested variance must not be one which would alter the essential character of the neighborhood, impair nearby property nor be detrimental to the public welfare, and must represent the minimum departure that will afford relief.

Thus the general issue presented is whether a variance for a private sewage treatment plant accessory to the development of permitted residences must be granted where the situation of the land does not admit of any other sewage disposal mode.

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912.

Because all of the structural uses permitted by the township's R-1 zoning require sewage facilities, denial of authorization for the only available sewage facility type would seem inevitably to make the land unusable for private development — the substantial deprivation of use which constitutes the essence of unnecessary hardship to the land.

The township does not appear to contend that on-site septic tanks should be employed in preference to the requested treatment plant; township counsel acknowledges that other such treatment plants already exist in the township.

On the facts here, the existence of unnecessary hardship is, we conclude, established as a matter of law by the strong analogy afforded by *Voortman v. Bucks County Zoning Hearing Board,* 21 Pa. Commonwealth Ct. 129, 343 A.2d 393 (1975), where we held that it was an abuse of discretion for a zoning hearing board to deny a variance to allow on-site septic sewage disposal as against a requirement that a treatment plant be provided. Here we have the converse; with both public sewers and septic tanks being unavailable, it is an abuse of discretion to deny the sole remaining practical alternative.

Also appropriate is *West Goshen Township v. Bible Baptist Church of West Chester,* 11 Pa. Commonwealth Ct. 74, 313 A.2d 177 (1973) where, public water supply not being available, we found that it was an unnecessary hardship to deny the use of on-site well water in order to serve institutional development.

The township argues that an acknowledged hardship as to the first (four-acre) parcel cannot be "imported" to the larger second parcel on the opposite side of a public road. But the construction of one treatment plant for all of the owner's land, on the parcel which has the stream, appears to be a wholly reasonable basis for dealing with both parcels together.

Neither the board nor the lower court found any impediment in the fact that the two parcels are on opposite sides of a road.

Hence, the sole remaining question is whether the treatment plant proposal threatens such detriment, either in the form of possible odors or financial responsibility, that the variance entitlement should be negated under the Code.

The question of possible odors from the sewage treatment plant represented the only factual issue substantially controverted here. An employee of DER testified that a sewage treatment plant could emit odors at times. However, that aspect of the record must be considered as against the irrefutable point that a variance is sought only for such treatment plant as has been, or will be, approved by DER and the county and such other proper authorities as may have jurisdiction.

As in *Voortman, supra,* we must conclude that the board here exceeded its jurisdiction by, in effect, collaterally attacking the approvals made or to be made by the authorities who have jurisdiction over the treatment plant in its health and operational aspects; paraphrasing what we said there, it is not for the zoning board to enforce the technical engineering regulations of the environmental agencies even though the board may be convinced that an approval might have been improvidently granted.

The other possible detriment, and the only one of which the lower court took note, was the wholly hypothetical possibility that the owner-developer might some day be unable to manage the economic support necessary for continuation of the private treatment plant. Nothing in the record indicates that such a prospect would be any greater here than in the case of any other private sewage treatment plant in this township

or elsewhere; as the court below noted, the board did not find the owner to be financially irresponsible.

As a matter of law, the public detriment necessary to deny an otherwise proper variance cannot be found in the mere possibility of financial failure, just as the possibility of a future violation of zoning or other regulations, without more, cannot be a basis for denial of a zoning approval. *See Coyne v. Prichard,* 272 Pa. 424, 116 A. 315 (1922), the early leading case which established that a mere possibility of future violation is not germane.

Therefore, we are compelled to reverse for error of law.

ORDER

Now, this 3rd day of June, 1980, the order of the Court of Common Pleas of Blair County dated October 12, 1979 is hereby reversed, and the variance for use of land for a sewage treatment plant is granted as requested.