In Re: Appeal of Buckingham Developers, Inc. From the Buckingham Township Zoning Hearing Board.

Buckingham Developers, Inc., Appellant.

Argued October 10, 1980, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*John A. VanLuvanee, Eastburn and Gray,* for appellant.

*Sondra K. Slade,* with her *Stephen R. Harris, Pepper, Hamilton & Scheetz,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., August 24, 1981:

This case comes before the Court on an appeal by the landowner from a decision of the Court of Common Pleas of Bucks County, affirming (1) the refusal of the Zoning Hearing Board of Buckingham Township (Board) to grant appellant's application for a variance, and (2) the Board's dismissal of appellant's challenge to the constitutionality of the zoning ordinance. From its inception, this action has pro-

ceeded under Sections 912 and 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10912, 11004.

Appellant owns a 120.66 acre tract of land, zoned agricultural, presently being used primarily for agricultural purposes, upon which it wants to construct approximately 50 single-family detached dwellings on one-acre lots. Under the provisions of the zoning ordinance, it may erect no more than five single family homes in such a development. However, it may build 35 single family units in a detached cluster, or 58 dwellings in a performance subdivision, or it may continue to use the land for agricultural purposes.

In 1977, the appellant filed both an application for a variance from the numerical limitations on single family detached homes prescribed by the zoning ordinance, and, alternatively, a constitutional challenge to the ordinance. The two issues were presented to the Board in a single application and were heard concurrently.[1]

---

[1] There is nothing in the wording of Sections 912 and 1004 of the MPC, 53 P.S. §§10912, 11004, which would prohibit such pleading in the alternative. In none of the cases in which this Court has rejected the concurrent examination of 912 and 1004 proceedings have the parties properly followed the procedures for both a variance claim and a constitutional challenge before the zoning hearing board. *See,* for example,

*Cutler v. Newtown Township Zoning Hearing Board,* 27 Pa. Commonwealth Ct. 430, 367 A.2d 772 (1976) ;

*Blouch Zoning Ordinance Appeal,* 26 Pa. Commonwealth Ct. 147, 362 A.2d 1139 (1976) ;

*Upper Moreland Township Board of Commissioners v. Zoning Hearing Board,* 25 Pa. Commonwealth Ct. 626, 361 A.2d 455 (1976) ;

*In Re: Appeal of Louis J. Cutillo, III,* 21 Pa. Commonwealth Ct. 606, 347 A.2d 343 (1975) ;

After reviewing the evidence, the Board denied the variance request, finding, as a matter of law, that:

7. Applicant can make reasonable use of its property, as presently zoned—without the grant of a variance.

8. There are no unique physical circumstances or conditions, or exceptional topographical features peculiar to this particular property, so as to support the grant of a variance.

Additionally, the Board directed its attention to the constitutional challenge, and made further findings of fact and law, accompanied by a brief memorandum pursuant to same. The Board declared the ordinance constitutional, and found that the applicant could develop his land by the following alternate methods without a variance:

(a) single family cluster

(b) performance subdivision

(c) transfer to development rights

(d) up to five single family detached (sic).

Conclusion of Law #3, Buckingham Township Zoning Hearing Board Report pursuant to MPC 1004(1)(a) and 910.

The applicant filed an appeal with the Bucks County Court of Common Pleas, which upheld the findings of the Board that the record showed only economic hardship as the basis for the variance application. On the constitutional question, the Court held that the landowner had not carried its burden

Phelan, Jr. v. Zoning Board of Lower Merion Township, 19 Pa. Commonwealth Ct. 63, 339 A.2d 612 (1975); and

McCandless Township v. Beho Development Corp., 16 Pa. Commonwealth Ct. 448, 332 A.2d 848 (1975).

of proving the ordinance unconstitutional. This appeal followed.

## I. Variance

It is settled law that in order to establish entitlement to a variance, an applicant must demonstrate: (1) that the ordinance, in conjunction with the particular physical features of his land, uniquely burdens the property, such that unnecessary hardship will result from the denial of the variance request, and (2) that the variance sought will not adversely affect public health, safety, or welfare. *H. A. Steen Industries, Inc. v. Zoning Hearing Board of Bensalem Township,* 39 Pa. Commonwealth Ct. 451, 396 A.2d 66 (1978). *See also,* Section 912 of the MPC, 53 P.S. §10912.

Furthermore, the landowner must show that the property cannot be used for any permitted purpose, or that such use could be made only at prohibitive cost, resulting from the unusual physical characteristics of the property. *Holmes v. Zoning Hearing Board of Kennett Township,* 39 Pa. Commonwealth Ct. 447, 396 A.2d 859 (1978). A mere showing of economic hardship, standing alone, does not justify the granting of a variance. *A & D, Inc. v. Zoning Hearing Board of East Nottingham Township,* 32 Pa. Commonwealth Ct. 367, 379 A.2d 654 (1977).

In a case in which the lower court receives no additional evidence, such as the one before us, a determination of whether or not the Board has abused its discretion or committed an error of law delimits our scope of review. *Harper v. Ridley Township Zoning Hearing Board,* 21 Pa. Commonwealth Ct. 93, 343 A.2d 381 (1975). An examination of the record indicates that the applicant simply did not carry his heavy burden of proof; in so finding, the Board did not abuse its discretion or commit an error of law.

The land in question is in an agricultural zone, and has been used as farmland since prior to appellant's acquisition of it in 1969. One of the principals in the appellant corporation testified that, although the financial return from the farm is presently insubstantial, one-third of the land is lying fallow.

Appellant has failed to establish that there are unique physical characteristics peculiar to its land which, in conjunction with the zoning ordinance, create a "unique, substantial, serious, and compelling hardship to the property." *Waber v. Zoning Board of Adjustment*, 41 Pa. Commonwealth Ct. 565, 569, 400 A.2d 893, 895 (1979).

Appellant has been using the land as zoned for a number of years, and could receive a greater return if it farmed the entire piece, including that portion presently lying fallow. Alternatively, it can develop the land under present zoning in a manner which is more financially advantageous than the present use. The fact that permitted use or development will not be as remunerative as 50 single family detached dwellings might be does not warrant the issuance of a variance. *Accord, Appeal of Walter C. Czop, Inc.*, 43 Pa. Commonwealth Ct. 499, 403 A.2d 1006 (1979); *Township of Washington v. Washington Township Zoning Hearing Board*, 27 Pa. Commonwealth Ct. 510, 365 A.2d 691 (1976).

Having so determined, we need not address appellant's other arguments concerning justification for a variance.[2]

---

[2] Appellant asserts, in reference to Transferable Development Rights attached to its property under the zoning ordinance, that the township cannot deny it a variance on the theory that it can sell its TDR's as an alternative to developing its land. Since appellant has not met its burden of otherwise proving entitlement, we will not address the merits of that novel issue. *See, Farmland Preservation Techniques: Some Food for Thought*, 40 U. Pitt. L.R.

## II. Constitutionality of Ordinance

Appellant alternatively asserts that the pertinent sections of the zoning ordinance[3] are arbitrary, unreasonable, and unconstitutional, insofar as they impose a numerical limitation on the number of single family detached homes in a development without regard to the acreage of the property.

In 1977, the township amended its then existing zoning ordinance, (1) making single family detached development a permitted use in the Agricultural District, and (2) deleting that portion of the ordinance which had required that the parcel for which single-family development was proposed be greater than two but less than ten acres. The effect of this amendment was to permit single family development on an agricultural tract of any size. However, since the township did not revise that section which limited the number of single family dwellings in such a development, it created a situation similar to that addressed by this Court in *Hopewell Township Board of Supervisors v. Golla,* Pa. Commonwealth Ct. , 428 A.2d 701 (1981), in which the number of single family houses permitted was the same for every agricultural tract subdivision, regardless of the size of that tract.[4] In *Hopewell,* this Court held such a provision to be unconstitutional, because ''such variant results lack rational relationship to the purpose of preserving prime agricultural land and constitute disparate burdens on differing landowners, depending upon the

258 (1979) ; Peterson and McCarthy, *Farmland Preservation by Purchase of Development Rights: The Long Island Experiment,* 26 DePaul L.R. 447 (1977).

[3] Section 405(B), *Residential,* and Section 502, *Table of Performance Standards.*

[4] Neither the Board nor the Court of Common Pleas had the benefit of our reasoning in the *Hopewell* decision when they reviewed the facts of the instant case.

happenstance of the respective tract's configuration when the zoning was adopted. . . ." At pages 6-7.

We are therefore constrained to hold the ordinance unconstitutional, insofar as it is controlled by *Hopewell*, and hereby reverse that portion of the lower court ruling which addresses this issue.

ORDER

AND Now, the 24th day of August, 1981, the Order of the Court of Common Pleas of Bucks County dated May 9, 1979, entered to Docket No. 77-5608-06-5 is modified to hold that the provisions of the Buckingham Township Zoning Ordinance which limit the number of single family dwellings in such a development to five, regardless of the size of the tract prior to potential subdivisions, are to that extent, unconstitutional. Nothing herein shall exempt the subdivision here proposed by the appellants from compliance with other provisions of the said zoning ordinance and any other applicable law, including subdivision regulations, if any.

Affirmed in part, reversed in part.

Judge WILKINSON, JR. did not participate in the decision in this case.