Somerton Civic Association and Brian O'Neill, Appellants *v.* Zoning Board of Adjustment (Phila.) and Carmen J. Calvanese, Appellees.

Argued December 8, 1983, before Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Eugene E. Kellis, Kashkashian & Kellis,* for appellants.

*Peter F. Kelsen,* Assistant City Solicitor, with him *Marilyn Z. Kutler,* Acting City Solicitor, for appellee, City of Philadelphia and Zoning Board of Adjustment of the City of Philadelphia.

*Carl K. Zucker*, for appellee, Carmen J. Calvanese.

OPINION BY JUDGE CRAIG, February 7, 1984:

The Somerton Civic Association, Inc. appeals from an order of the Court of Common Pleas of Philadelphia County which affirmed the decision of the Philadelphia Zoning Board of Adjustment granting a variance to Carmen J. Calvanese. The general issue is whether there was a legal hardship basis for the variance grant.

The subject property, which Calvanese has an option to purchase, is in an R-4 residential zone; that classification permits only single-family detached and semi-detached dwellings. Under the variance, Calvanese could erect 54 semi-detached homes and 8 group structures, a total of 56 separate buildings containing 166 dwellings units. The approved development would produce a density of approximately 22 units per acre, a departure from the 14 units per acre permitted by the ordinance. Therefore, this case involves a variance granted with respect to both residential building type and density.

In support of its position, that the variance was improper, the association argues that Calvanese failed to produce sufficient evidence to meet his burden of proof. Adhering to our limited scope of review,[1] we agree with the association and reverse.

The variance standards of section 14-1802 of the Philadelphia Zoning Code include the fundamental prerequisite that the applicant prove that, because of

---

[1] Because the court took no additional evidence, our review is limited to determining whether the board abused its discretion or committed an error of law. The board abuses its discretion when it makes findings not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment*,     Pa.    , 462 A.2d 637 (1983).

the property's particular physical or topographical conditions, full adherence to the code would result in unnecessary hardship and that the conditions are unique to the property involved.[2]

On the issue of unnecessary hardship, Calvanese presented his own testimony and that of a planning expert.[3] Calvanese testified that building and selling homes in accordance with the R-4 requirements is "economically unfeasible" in the current economic climate "throughout the country." He also testified that in order to build homes in compliance with the R-4 zone, they would have to sell for "somewhere over $100,000 the way we build homes" and that, in his opinion, there would be no market for such homes. On cross-examination, Calvanese answered affirmatively when asked if he thought the hardship was unique to the property, and again was affirmative when asked if his hardship was economic.[4]

---

[2] Section 14-1802 reads, in part, as follows:
Criteria for Granting Variances.

(1) The Zoning Board of Adjustment shall consider the following criteria in granting a variance. . . . :

(a) that because of the particular physical surroundings, shape, or topographical conditions of the specific structure or land involved, a literal enforcement of the provisions of this Title would result in unnecessary hardship;

(b) that the conditions upon which the appeal for a variance is based are unique to the property for which the variance is sought; . . . .

[3] The transcript of a hearing concerning an earlier variance request for the property, which is part of the record here, also contains testimony from an architect; however, that testimony did not address the hardship question.

[4] At the earlier hearing, Calvanese had testified that he couldn't build in accordance with the R-4 requirements because there would be a large amount of unused space in the center of the present lot. However, that statement clearly related only to the waste which would occur if a developer built twin homes around the entire per-

The planning expert testified that, because of present construction costs and interest rates, "that type of housing (i.e. R-4) is no longer feasible for developers to build."

Based on that evidence, the board found that "it is unfeasible to build and sell homes with the 'R-4' Residential zoning" and concluded that Calvanese had met his burden of showing unnecessary hardship which was unique to the subject property.

The evidence must show that the property cannot be used as presently zoned and that a variance is therefore necessary to permit reasonable use.[5] Furthermore, the applicant must show more than an economic hardship, i.e. that use under the variance would be more financially rewarding than use under the current zoning;[6] he must demonstrate that the property is subjected to a hardship that is unique to that property, "as distinguished from the hardship arising from the impact of the zoning act or regulations on the entire district, or even to hardship on the owner of the property. . . ."[7]

---

imeter of the lot and, therefore, landlocked the center portion. He also had testified that it would not be feasible to build anything other than condominiums on the site.

[5] *Rees v. Zoning Hearing Board of Indiana Township*, 11 Pa. Commonwealth Ct. 461, 315 A.2d 317 (1974) ; *Campbell v. Zoning Hearing Board of Plymouth Township*, 10 Pa. Commonwealth Ct. 251, 310 A.2d 444 (1973).

[6] *Gro Appeal*, 440 Pa. 552, 269 A.2d 876 (1970) ; *Bilotta v. Haverford Township Zoning Board of Adjustment*, 440 Pa. 105, 270 A.2d 619 (1970) ; *Campbell v. Zoning Hearing Board of Plymouth Township*, 10 Pa. Commonwealth Ct. 251, 310 A.2d 444 (1973).

[7] *Marple Gardens, Inc. v. Zoning Board of Adjustment*, 8 Pa. Commonwealth Ct. 436, 439, 303 A.2d 239, 241 (1973) ; *See also, Gro Appeal*, 440 Pa. 552, 269 A.2d 876 (1970) ; *McClure Appeal*, 415 Pa. 285, 203 A.2d 534 (1964) ; *Pitale v. Philadelphia Zoning Board of Adjustment*, 47 Pa. Commonwealth Ct. 36, 407 A.2d 1372 (1979).

Applying those principles to the present case, we note initially that Calvanese failed to introduce any evidence regarding the physical characteristics of the property. An applicant cannot meet his burden of proof by simply offering his personal opinion that this development concept would not be marketable in accordance with the present zoning.[8] The record fails to establish that Calvanese could not use the property as zoned. At most, his case was that compliance was not possible "the way we build homes."

Moreover, a variance would be improper here because the described difficulty is one shared equally by all other property in the district. The planning expert made that point especially clear through his testimony that R-4 type housing is no longer profitable for developers to build in the area. The characteristics of the region and its economy, not those of the property, would be the basis for that situation.

The wisdom of amending the R-4 zoning classification in the area is a legislative question for the City Council; as we have consistently cautioned, we cannot permit rezoning under the guise of a variance.[9]

Accordingly, we reverse.

### ORDER

Now, February 7, 1984, the order of the Court of Common Pleas of Philadelphia County, No. 645, dated May 18, 1983, is reversed.

---

[8] *Appeal of American Medical Centers, Inc.*, 54 Pa. Commonwealth Ct. 573, 422 A.2d 1192 (1980) ; *Upper Moreland Township Board of Commissioners v. Zoning Board*, 25 Pa. Commonwealth Ct. 626, 361 A.2d 455 (1976).

[9] Because we reverse the board on the hardship issue, we find it unnecessary to address the association's other arguments.