Anthony Pitale, Appellant *v.* Philadelphia Zoning Board of Adjustment, and Antonio Dominijanni, Appellees.

Argued June 6, 1984, before Judges ROGERS, CRAIG and BARBIERI, sitting as a panel of three.

*Ralph M. Evans,* for appellant.

*Barbara S. Gilbert,* Chief Assistant City Solicitor, with her, *Mark A. Aronchick,* City Solicitor, for appellee.

OPINION BY JUDGE CRAIG, July 2, 1984:

This appeal by Anthony Pitale, an objector to the grant of a zoning variance, qualifies as an application under Pa. R.A.P. 2591(b), seeking enforcement of the judgment and final order of this court in *Pitale v. Philadelphia Zoning Board of Adjustment,* 47 Pa. Commonwealth Ct. 36, 407 A.2d 1372 (1979) *(Pitale I).* That rule of appellate procedure authorizes an appellate court to issue "any appropriate order requiring obedience to or otherwise enforcing its judgment or other order."

In *Pitale I,* this court, more than four years ago, reversed an order of the Court of Common Pleas of Philadelphia County which had upheld the grant of a dimensional zoning variance to allow Antonio Dominijanni to convert a single-family dwelling to a three-family dwelling. We adjudged the variance to be unwarranted.

Since that time, apart from equity enforcement proceedings instituted by the city averring that the landowner is continuing to use the dwelling unlawfully as a multifamily dwelling contrary to the decision in *Pitale I,* the objector applied to the court of common pleas, under the *Pitale I* docket number, to have zoning compliance enforced by contempt proceedings.

Without any evidentiary hearing, the court of common pleas declined to pursue the enforcement request but instead, solely upon the landowner's averments that the circumstances of the neighborhood have now changed, entered an order purporting to "remand" the case to the Philadelphia Zoning Board of Adjustment to determine anew if the requested variance should be granted.

Although the trial court acknowledged that it "has no power to, and makes no attempt to affect" the final order of this court in *Pitale I,* the order now in question would do precisely that, in that it would resurrect the merits of a case which has been finally concluded upon appeal.

The court order before us lacks both procedural and substantive support. As the trial court opinion acknowledges, there is no procedural basis for remanding to a board a case which presently is not before the court upon an appeal from that board. Substantively, there is no record basis for further action in this case, other than the possibility of enforcement. In particular, further exploration of the merits cannot be founded upon averments of changed circumstances arising over a period of years during which, according to contrary averments, the final appellate judgment has gone unheeded.

If adjudicative and appellate processes are to be meaningful, final decisions should be implemented,

*See Raum v. Tredyffrin Township Board of Supervisors,* 29 Pa. Commonwealth Ct. 9, 370 A.2d 777 (1977).

The order of the common pleas court will be reversed and the enforcement proceedings in this case reinstated, with the understanding also that there should be no impediment to bar the City of Philadelphia from going forward with its equity enforcement proceedings.

ORDER

Now, July 2, 1984, the order of the Court of Common Pleas of Philadelphia County, dated April 20, 1983, is reversed. This case is remanded to the court of common pleas with direction to consider the petition for contempt, without prejudice to any separate enforcement proceedings by the City of Philadelphia.

Jurisdiction relinquished.