Allegheny County Industrial Development Authority, Appellant *v.* City of Pittsburgh Zoning Board of Adjustment, Appellee.

Argued March 14, 1985, before Judges MacPhail, Barry and Colins, sitting as a panel of three.

*David F. Alpern, Alpern and Alpern,* for appellant.

*Kellen McClendon,* Assistant City Solicitor, with him, *D. R. Pellegrini,* City Solicitor, for appellee.

OPINION BY JUDGE COLINS, April 18, 1985:

This is an appeal by the Allegheny County Industrial Development Authority (appellant) from an opinion and order of the Court of Common Pleas of Allegheny County affirming the decision of the Pittsburgh Zoning Board of Adjustment which denied appellant's request for a variance from Section 959.05 (c)(4)(1) of the Pittsburgh Code of Ordinances (Ordinance), the twenty percent (20%) open space requirement.

In 1979, appellant acquired certain real property at 14 Wood Street in the City of Pittsburgh situated in an area zoned C5-C Golden Triangle District C.[1] Appellant leased this property to several individuals (lessees), who planned to renovate the existing thirteen-story building and rebuild the five-story attached extension located thereon.

The lessees applied to the Zoning Administrator of the City of Pittsburgh for a building permit. A site plan was submitted, indicating that a certain portion of the parking area would be reserved for a park, in conformity with the twenty percent (20%) open space requirement of Section 959.05(c)(4)(1). The

---

[1] Section 959.05(2) states that the C5-C Golden Triangle District C is "[t]o encourage residential development of relatively high-density, high-rise dwelling structures among which properly integrated commercial facilities designed primarily to service such residential development may be intermingled."

site plan was approved on June 5, 1980, and the building permit was issued.

On September 15, 1982, the lessees[2] sought an occupancy permit. The Zoning Administrator refused to issue this permit because the lessees sought to use the area previously set aside for the park as additional parking spaces. The lessees then applied for a variance, which was denied by the Board on May 12, 1982. An appeal was taken to the Court of Common Pleas of Allegheny County. On December 8, 1983, the Court of Common Pleas sustained the decision of the Board. An appeal to this Court followed.

Our scope of review where, as here, the Court below has taken no additional evidence is limited to a determination of whether the Board abused its discretion or committed an error of law. *Somerton Civic Association v. Zoning Board of Adjustment*, 80 Pa. Commonwealth Ct. 173, 471 A.2d 578 (1984).

Appellant argues that he is entitled to a variance from Section 959.05(c)(4)(1) of the Ordinance. We disagree.

Section 959.05(c)(4)(1), entitled "Usable Open Space", states that in a C-5 zoning district, there shall be provided and maintained open space, not less than "Twenty percent (20%) of the lot area provided at ground level *plus* that required for any dwelling unit by Section 959.06(b)(4)."[3] (Emphasis added.)

In order to obtain a variance, appellant must prove:

(1) that the ordinance imposes unnecessary hardship on the property; (2) that the hard-

---

[2] In the occupancy permit, the lessees listed themselves as the agent for appellant.

[3] Section 959.06(4) provides that: "(4) Usable open space [—] Usable open space shall be provided in accordance with the applicable provisions of 95.05, but not less than fifty percent (50%) of the required lot area per dwelling unit."

ship stems from unique physical characteristics of the property; (3) that the variance would not adversely impact on the health, safety or welfare of the general public; (4) that the hardship was not self-inflicted; and (5) that the variance sought is the minimum that will afford relief. *Vacca v. Zoning Hearing Board of the Borough of Dormont,* 82 Pa. Commonwealth Ct. 192, 197, 475 A.2d 1329, 1331-32 (1984); Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912.

We conclude that the hardship sustained by appellant can only be described as self-inflicted.

Appellant knew or should have known that it would be bound by the site plan it submitted pursuant to Section 959.04(a) of the Ordinance, as this Section specifically provides that:

*In each C5 District, every new or changed use of land and every structure hereafter erected, enlarged, or externally altered,* except uses and structures permitted as conditional uses under Section 959.06(c)(1) and structures involving external alterations not in excess of fifty thousand dollars ($50,000) shall, in addition to conforming to any and all regulations pertaining thereto that are specifically set forth in this Zoning Ordinance, *be in accord with a site plan or plans approved by the administrator.* (Emphasis added.)

Furthermore, appellant has exceeded the minimum variance needed, as it requests not a minimum departure from the ordinance, but complete elimination of the open space requirement.

Finally, appellant argues that Section 959.05(c)(4)(1) of the Ordinance requires usable open space only when dwellings exist on the property. This argument is without merit.

Under Section 959.05(c)(4)(1), open space is required regardless of whether or not the structure on the subject lot has dwelling units. If the proposed use does have dwelling units, as part of the main use, then additional space is required.

We find no abuse of discretion, nor error of law in the trial court's decision.

Accordingly, we affirm.

ORDER

AND Now, this 18th day of April, 1985, the order of the Court of Common Pleas of Allegheny County, dated December 8, 1983, at No. SA 337 of 1983, is affirmed.