531 A.2d 121

Edward C. Griffith and June M. Griffith, Appellants *v.* The Zoning Hearing Board of Exeter Township and Kim and Kathy Brautigan, Appellees.

Argued April 24, 1987, before Judges MacPhail and Doyle, and Senior Judge Blatt, sitting as a panel of three.

*Charles K. Serine, Miller and Murray,* for appellant.

*Kim Brautigan,* pro se.

Opinion by Judge Doyle, September 17, 1987:

Edward C. Griffith and his wife (Appellants) appeal from an order of the Court of Common Pleas of Berks

County that affirmed a decision of the Zoning Hearing Board of Exeter Township (Board) granting a variance to Kim Brautigan and his wife (Brautigans). We reverse.

The Brautigans purchased a vacant lot[1] in Exeter Township (Township) in 1983 and subsequently placed a $20,000 mobile home on the property to be used as a residence. The property is located within an R-6 residential zone, and Section 206-2 of the Township Zoning Ordinance requires that all properties over 5,000 square feet in an R-6 district must be served by public water and sewer.

The Brautigans purchased the property with knowledge of this requirement. In order to comply with Section 206-2, the Brautigans had the Glen Alsace Water Company (Water Company), the public utility with a water main nearest the Brautigans' property, prepare an estimate of the cost of providing water service to the property. The water company estimated that it would have to lay 760 linear feet of pipe and that the total cost would be $23,680.

The Brautigans then filed for a variance from the public water requirement, asking that they be allowed to use a well already on the property. After a hearing, the Board granted a variance to the Brautigans. Appellants appealed, and due to some procedural irregulari-

---

[1] The property involved in this case was not always a vacant lot. Prior to 1978 or 1979, a dwelling was located on the property that used an on-site well. The dwelling was destroyed by fire about that time. The burned-out remains of the dwelling stood on the property for a long period of time until it was ordered torn down by governmental authority. No further activity took place on the land for an additional period due to litigation involving the property.

The Brautigans strenuously argue that the well constituted a nonconforming use. While there may be evidence in the record to support this theory, it was not presented to the Exeter Township Zoning Hearing Board or the common pleas court and is therefore waived. Pa. R. A. P. 302(a).

ties not relevant here, the common pleas court remanded the case to the Board for the taking of additional evidence. The Board held another hearing and again granted the variance. Appellants again appealed, and the trial court, without taking additional evidence, affirmed the Board's decision. This appeal followed.[2]

Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912 (MPC) governs the granting of a variance by zoning hearing boards and provides, *inter alia,* as follows:

> The board may grant a variance provided the following findings are made where relevant in a given case:
>
> (1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located;
>
> (2) That because of such physical . circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is there-

---

[2] Our scope of review in a zoning case where the trial court takes no additional evidence is limited to determining whether the zoning hearing board committed an error of law or a manifest abuse of discretion. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). A zoning hearing board abuses its discretion when its findings are not supported by substantial evidence. *Id.*

fore necessary to enable the reasonable use of the property;

. . . .

It should be kept in mind that "[v]ariances should be granted only sparingly and only under exceptional circumstances. . . ." *Schaefer v. Zoning Board of Adjustment of the City of Pittsburgh,* 62 Pa. Commonwealth Ct. 104, 108, 435 A.2d 289, 291 (1981). Furthermore, an applicant for a variance has the burden of proving that the variance will not be contrary to the public interest and that unnecessary hardship will result if it is denied. *Sisko v. Zoning Board of Adjustment of the City of Pittsburgh,* 36 Pa. Commonwealth Ct. 556, 389 A.2d 231 (1978).

Further, we have judicially determined that in order to show unnecessary hardship so as to justify a variance, it must be shown that either (1) the physical characteristics of the property are such that it could not in any case be used for any permitted purpose or that the physical characteristics of the property are such that it could only be arranged for such purposes at prohibitive expense, or (2) the characteristics of the property are such that the lot has either no value or only distress value for any purpose permitted by the ordinance. *Philadelphia v. Earl Scheib Realty Corp.,* 8 Pa. Commonwealth Ct. 11, 17, 301 A.2d 423, 426 (1973). This unnecessary hardship must result from a hardship that is unique or peculiar to the property for which the variance is sought, as distinguished from hardship arising from the impact of zoning regulations upon an entire district or from hardship on the owner of the property. *Jasy Corp. v. Board of Adjustment of Upper Moreland Township,* 413 Pa. 563, 198 A.2d 854 (1964); *Marple Gardens, Inc. v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 436, 303 A.2d 239 (1973). Mere economic hardship does not constitute such a unique unnecessary hardship

peculiar to the property involved as to itself justify the issuance of a variance. *DiSanto v. Zoning Board of Adjustment of Lower Merion Township,* 410 Pa. 331, 189 A.2d 135 (1963).

The Brautigans' theory of unnecessary hardship is primarily based on the fact that the cost of providing the water service (approximately $24,000) exceeds the cost of the mobile home that was placed on the property ($20,000) and that they alone would be responsible for the cost.[3] Further, all attempts by the Brautigans to sell the lot were unsuccessful when prospective purchasers learned of the cost to bring public water to the property. Thus, the Brautigans assert that the cost makes compliance with the regulation economically unfeasible. The Board found this argument persuasive.

While this argument may have strong appeal, we have previously rejected similar arguments in the context of use variances. In *Somerton Civic Association v. Zoning Board of Adjustment,* 80 Pa. Commonwealth Ct. 173, 471 A.2d 578 (1984), and *Botula v. Zoning Board of Adjustment of the City of Pittsburgh,* 69 Pa. Commonwealth Ct. 164, 450 A.2d 316 (1982), we rejected arguments advanced by the landowners in those cases that it was "economically infeasible" to develop their properties in conformity with the applicable zoning ordinance. Here, the hardship to the Brautigans is solely economic, and this fact, without more, is insufficient to support the grant of a variance. *Botula.* Indeed,

---

[3] The cost of having public water provided to their property rests solely with the Brautigans because the Township ordinances do not require that the property owners between the existing water main and the Brautigans' property connect with public water once the system is installed. Therefore, until these landowners and homeowners decide to connect with the public water system, the Brautigans can recover none of the costs of constructing the water system.

the Appellants provided evidence that other houses in near proximity to the Brautigans' lot sold for $85,000 to $90,000.

The Brautigans rely on *West Goshen Township v. Bible Baptist Church of West Chester,* 11 Pa. Commonwealth Ct. 74, 313 A.2d 177 (1973) for support, but that case is distinguishable. In *Bible Baptist Church of West Chester,* we upheld a court of common pleas' decision to grant a variance because the landowner could not get off-site water due to the fact that the water authority refused to accept new customers. We noted that the hardship in that case was beyond the landowner's power to remedy because it was not a matter of expending money; no off-site water was available at any price. *Id.* at 77, 313 A.2d at 179. In other words, where water and/or sewer requirements would render a property totally unusable for a permitted purpose, a variance may be granted. *See Appeal of Klock,* 51 Pa. Commonwealth Ct. 641, 415 A.2d 705 (1980) (where both public sewers and septic tanks were unavailable, we held it was an abuse of discretion to deny the installation of the sole remaining practical sewage disposal technique needed to develop the property); *Voortman v. Bucks County Zoning Hearing Board,* 21 Pa. Commonwealth Ct. 129, 343 A.2d 393 (1975) (abuse of discretion to deny on-site septic tank sewage system where other methods of sewage disposal were not legally possible). The issue presented to us now is solely one concerning the cost of installing the water service, not of the availability of the water, and because the hardship in this case is purely economic, we are therefore constrained to conclude that the Board abused its discretion in granting the variance.[4]

---

[4] We note, however, the anomalous result produced by our decision in this case as the Brautigans' property will be surrounded by nonconforming uses. The fact that the uses surrounding the

Since we have resolved this issue in favor of Appellants, we find it unnecessary to pass on their other contentions.

Accordingly, the order of the Court of Common Pleas of Berks County is reversed.

### ORDER

Now, September 17, 1987, the order of the Court of Common Pleas of Berks County in the above captioned matter is hereby reversed.

---

Brautigans are nonconforming, because of on-site water supplies, does not relieve the Brautigans' however, from complying with the Township zoning ordinance.