George Van Horen and Carol N. Van Horen, Appellants *v.* The Zoning Hearing Board of Warwick Township and Warwick Township, Appellees.

Submitted on briefs June 5, 1981, to Judges Rogers, Williams, Jr. and Palladino, sitting as a panel of three.

*William R. Hagner, Weiss, Hagner & Williams,* for appellants.

*John A. Koury, Jr., O'Donnell, Weiss, Mattei, Koury & Linderman, P.C.,* for appellees.

Opinion by Judge Rogers, July 10, 1981:

The only question remaining in this appeal in a zoning case is that of whether the Zoning Hearing Board of Warwick Township committed an error of law or committed an abuse of its discretion in refusing to grant the appellants, George F. Van Horen and Carol, his wife, a variance so that they may continue to use the basement of their dwelling house as a retail salesroom. The Court of Common Pleas of Chester County by memorandum opinion affirmed the Zoning

Hearing Board's action on the ground that the Van Horens had failed to prove the unnecessary hardship required to justify the grant of a variance.

The Van Horens purchased a dwelling house located in the F-Farming Zoning District where the use of a property as a single family dwelling is permitted. Also permitted as accessory to the single family dwelling use is a home occupation customarily incidental to the residential use; provided, however, that not more than 600 square feet of the dwelling may be occupied by the accessory home occupation. After acquiring their dwelling house, the Van Horens applied for and were, it seems to us generously, allowed the use of their room on the ground floor for the retail sale of hunting and fishing goods. The room which they used thereafter for this purpose actually contained 812 square feet but it appears that the township zoning officer again generously told the Van Horens not to be concerned about the excess area and the Zoning Hearing Board granted a variance for this deviation from the regulations.

About a year after establishing the business on the first floor, the Van Horens, without permission of, or indeed application to, the township zoning authorities, expanded their sales enterprise into the basement of the home, thus devoting an additional 1,232 square feet to their business. Some three years later they applied for the subject variance from the 600 square foot limitation imposed by the zoning ordinance on accessory home occupations. The Board granted a variance limited solely to the 812 square foot ground floor area.

A variance may be granted only where it is necessary to provide relief from unnecessary hardship uniquely and peculiarly imposed on the property in question by the application to that property of the letter of the zoning regulation. It may not be granted to provide relief from a regulation which affects the

property in question no differently from other property in the zoning district; and economic hardship caused by the necessity of complying with a regulation similarly affecting property in the zoning district is not the unnecessary hardship which will support a variance. *Magrann v. Zoning Board of Adjustment,* 404 Pa. 198, 170 A.2d 553 (1961); *Pitale v. Philadelphia Zoning Board of Adjustment,* 47 Pa. Commonwealth Ct. 36, 407 A.2d 1372 (1979). Warwick Township's limitation on the area of the dwelling house which might be devoted to a home occupation affected the Van Horens' property no differently from any other; and their claim of hardship was purely economic, that of having to discontinue their unlawful nonconforming use of their basement store.

The Van Horens' additional contention—that since the use of the ground floor of their dwelling for a store is permitted (although as accessory to their residential use), their use of the basement as a store should be permitted as accessory to their use of the ground floor as a store—seems not to have been raised below and is, moreover, totally without merit.

Order affirmed.

ORDER

AND Now, this 10th day of July, 1981, the order of the Court of Common Pleas of Chester County made June 25, 1980, affirming the decision of the Zoning Hearing Board of Warwick Township is affirmed.