Michael Immordino and Rita M. Immordino, his wife, Appellants *v.* Zoning Hearing Board of Morrisville Borough, Appellee.

Submitted on briefs, November 18, 1981, to Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Ward F. Clark, Pratt, Clark, Gathright & Brett,* for appellants.

No appearance for appellee.

*Dennis W. Lanctot, Fedorko, Gilbert & Lanctot,* for intervenor, Borough of Morrisville.

OPINION BY JUDGE BLATT, March 1, 1982:

This is an appeal from an order of the Court of Common Pleas of Bucks County which affirmed the denial by the Morrisville Borough Zoning Hearing Board (Board) of an application for a special exception or a variance.

In 1972 Michael and Rita Immordino (appellants) purchased a 7,500 square-foot piece of property on which a four-unit multi-family house was situated. The property is located in a R-3 residential area of Morrisville Borough (Borough) in which multi-family dwellings are a permitted use under a zoning ordinance enacted in 1968. In 1975 the appellants constructed a new apartment in the previously unfinished third floor of the house and converted a large first floor apartment into two efficiency apartments, thereby increasing the total number of apartments to six. They did not, however, seek the permission of the zoning authority to increase the number of apartments until three years later when, in 1978, they filed a petition for a special exception or a variance,[1] which the Borough Zoning Officer and, subsequently, the Board both denied. Upon appeal to the Court of Common Pleas, a Stipulation of Testimony, which established that the building had been in use as a four-unit multi-

---

[1] The appellants also sought permission to demolish their front porch and replace it with a small concrete stoop, which permission was granted.

family dwelling since 1925, was entered into the record. The court below affirmed the Board and this appeal followed.

In zoning cases, where, as here, the court below has received additional evidence, our scope of review is limited to a determination of whether or not it has committed an error of law or abused its discretion. *Borough of Baldwin v. Bench*, 11 Pa. Commonwealth Ct. 410, 315 A.2d 911 (1974).

The appellants, besides including a challenge to the validity of Section 802 of the Borough zoning ordinance, base their claim upon the premise that their multi-family dwelling is a valid nonconforming use as to which they enjoy a constitutionally protected vested right of natural expansion as the dictates of business and modernization require. *Silver v. Zoning Board of Adjustment*, 435 Pa. 99, 255 A.2d 506 (1969). And, while the continuance of a nonconforming use is constitutionally protected and may, indeed, even be enlarged to provide for natural expansion and the accommodation of increased trade, the right of expansion is subject to limitations imposed by the law itself or by applicable zoning regulations. *Philadelphia v. Angelone*, 3 Pa. Commonwealth Ct. 119, 280 A.2d 672 (1971). It is also well recognized that, while a municipality "cannot arbitrarily abrogate a landowner's vested right of natural expansion by prohibiting all such growth ... [it] certainly can condition such expansion on certain prerequisites and standards necessary for the preservation of the health, safety and welfare of the community." *Silver*, 435 Pa. at 103, 255 A.2d at 508.

> Even though zoning ordinances permit the continuance of nonconforming uses, *it is the policy of the law to closely restrict such nonconforming uses and to strictly construe provisions in zoning ordinances which provide for the continuance of nonconforming uses.*

*Angelone*, 3 Pa. Commonwealth Ct. at 127, 280 A.2d at 676 (emphasis in original) (quoting *Hanna v. Board of Adjustment*, 408 Pa. 306, 312, 183 A.2d 539, 543 (1962) (emphasis added)). Section 802(a) of the Borough zoning ordinance here concerned, which permits expansion of a nonconforming use not to exceed an aggregate of fifty percent in volume, area or extent upon the grant of a special exception, would, therefore, fall within the ambit of a constitutionally permissible conditioning of a landowner's right of natural expansion. We need not determine here, however, whether or not the owner should be afforded a right of natural expansion or whether or not his proposal meets the criteria set forth in Section 802(a), because the multi-family dwelling here involved is a permitted use in the R-3 zone within which it is located. It is, therefore, a conforming (not a *non*conforming) use and its existence triggers no right of natural expansion nor does it have any other such aspects of a *non*conforming use.

The dwelling here concerned, however, is dimensionally nonconforming under the zoning ordinance in several respects,[2] the most significant of which is that it fails to allow for the total lot area per dwelling unit requirement applicable to multi-family dwellings located in an R-3 zone. The ordinance requires that there be 2,000 square feet of lot area for each unit in a multi-family dwelling located thereon, or a total of 8,000 square feet for the four-unit dwelling in question. The appellants' property, however, contains only 7,500 square feet and is, therefore, nonconforming as to its *structure* rather than as to its use. The expansion

---

[2] The appellants' property is dimensionally nonconforming with regard to, *inter alia*, lot area, lot area per dwelling unit, off-street parking, and proximity of the access drive to the building. In addition, the floor space in one of the revised units falls short of the floor space requirements set forth in the ordinance.

from four to six units which the appellants seek is, therefore, properly governed by Section 802(b) of the zoning ordinance which provides in pertinent part that:

> A structure which does not conform to the regulations of this Ordinance other that [*sic*] Article IV Use Regulations, may be altered, reconstructed, or enlarged, *provided that no such nonconformity is increased beyond its extent on the date that it became nonconforming....* (Emphasis added.)

While this section permits the alteration or expansion of a nonconforming structure, however, it does so with the proviso that the nonconformity may not be increased beyond the degree of nonconformity which existed at the time of passage of the ordinance by virtue of which it became nonconforming. The record here indicates that the premises had been in use as a four-unit dwelling on a 7,500 square-foot plot since at least 1925 and at the time of enactment of the 1968 ordinance requiring 2,000 square feet per dwelling unit, it consequently became a nonconforming structure. The appellants, therefore, are now precluded by this section from increasing the degree of nonconformity. If their property had been 12,000 square feet in area, expansion of the dwelling to six units would clearly have been permissible because the dwelling would then have been a conforming structure from the outset and, therefore, not subject to the restrictions of Section 802(b). In addition, the property would have had the 2,000 square feet per dwelling unit necessary to expand the structure to six apartment units. The appellants, therefore, have failed to demonstrate that they are entitled to a special exception.

We turn now, therefore, to the appellants' request for a variance. It is well-settled that in order to obtain a variance a property owner must sustain the heavy

burden of proving that the zoning ordinance imposes an unnecessary hardship which is unique to his particular property and that, if granted, the variance would not be adverse to the public health, safety or general welfare. *Bench.* It has been held that:

> It may not be granted to provide relief from a regulation which affects the property in question no differently from other property in the zoning district; and economic hardship caused by the necessity of complying with a regulation similarly affecting property in the zoning district is not the unnecessary hardship which will support a variance.

*Van Horen v. Zoning Hearing Board*, 60 Pa. Commonwealth Ct. 459, 461, 431 A.2d 1169, 1170 (1981). The appellants are affected no differently by the requirement for 2,000 square feet per dwelling unit than are other owners of multi-family dwellings within the zone, and the only hardship they would sustain would be a financial one in the way of lost rents from the two additional apartments and the funds already expended on reconverting their premises from four to six apartment units. The case law is clear that the economic hardship occasioned by the first eventuality is not sufficient to satisfy the standard of unnecessary hardship necessary to obtain a variance, and, as to the second consideration, the hardship sustained by the appellants by their conversion of the premises prior to obtaining borough approval can only be described as self-inflicted and, therefore, less than the *unnecessary* hardship required. *Bench.*

We will, therefore, affirm the order of the court below.

## ORDER

AND, Now, this 1st day of March, 1982, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.

Judge PALLADINO did not participate in the decision in this case.