## Borough of Dormont v. Bakopoulos

*Phillip D. Paull,* for appellant.
*Tasso E. Camarinos,* for appellees.
*Vincent Senko,* for Dormont Zoning Hearing Board.

PAPADAKOS, *A.J.,* July 20, 1983—This is the appeal of the Borough of Dormont, appellant, from the decision of the Zoning Hearing Board of the Borough of Dormont granting the request for an occupancy permit for premises at 2931 Glenmore Avenue in Dormont and certifying same as a three-family dwelling.

George C. Bakopoulos and Sophie A. Bakopoulos, appellees, are owners of the subject property which is improved with a three-story residential dwelling which is located in a commercial district. Appellees filed an application with the board requesting permission to certify the subject structure as a three-family dwelling.

A hearing was held before the board on March 18, 1982, and, by its written decision mailed on April 16, 1982, the board granted the application. It is from that decision that appellant timely filed its appeal to this court on May 14, 1982.

No additional testimony has been received by this court and review will be limited to a determination of whether the board committed an abuse of discretion or error of law. The court must further examine whether the findings made are supported by sub-

stantial evidence. Ramondo v. Zoning Hearing Board, 61 Pa. Commw. 212, 434 A.2d 204 (1981); Snyder v. Railroad Borough, 59 Pa. Commw. 385, 430 A.2d 339 (1981); Goodman v. Board of Commissioners of South Whitehall Township, 49 Pa. Commw. 53, 411 A.2d 838 (1980).

A certified record of the proceedings before the board has been prepared and filed with the court and the parties have had the opportunity to prepare oral and written memoranda of law in support of their positions.

In this appeal, appellant argues that the board erred in considering the subject use of three-family occupancy and in granting the application based on an estoppel theory.

A review of the record reveals that the present dwelling was built in 1925 as a single family house, was converted to three-family occupancy by 1929 at the latest and has continued with the same occupancy to the present.[1] While this evidence is not sufficient to establish a legal non-conforming use prior to the adoption of the 1927 Zoning Ordinance, it does establish long term usage as a three-family dwelling unit which may give rise to a variance by estoppel.[2]

As to appellant's first argument, there is some testimony in the record concerning the non-conforming use of the property and that the borough council considered this property as non-conforming use in 1968. The decision of the board, however, does not

1. Affidavits of former tenants were submitted into evidence which allege three-family occupancy from 1926, 1927 and 1929. See statements of Mrs. Dorothy D. Walton dated May 8, 1968 and Marion C. Jiles, former owners, dated May 7, 1968.

2. It is unquestioned that the subject property is a legal non-conforming use as a single family dwelling.

discuss the non-conforming use issue and made no specific findings on same. The board's decision is confined to issues of estoppel because of the long term borough knowledge of the three-family use. Since the non-conformity of the property was not considered by the board in reaching its decision, appellant's first argument must be dismissed.

Appellant also argues that this record cannot support a finding of variance by estoppel. The law of estoppel as developed in Sheedy v. Zoning Board of Adjustment, 409 Pa. 655, 187 A.2d 907 (1963); In re: Hiedorn Appeal, 412 Pa. 570, 195 A.2d 349 (1963); Ignelzi v. Zoning Board of Adjustment of the City of Pittsburgh, 61 Pa. Commw. 101, 433 A.2d 158 (1981), makes it quite clear that (1) a municipality must have actual knowledge of an illegal use, (2) that the illegal use exists for a substantial period of time, (3) that the municipality permits the illegal use to continue despite actual knowledge of its existence, (4) that unnecessary hardship exists, and (5) that the owner must purchase the property believing in good faith that the existing dwelling was lawful.

In this case, the board found that the zoning officer (who was acting as borough manager) and borough council had knowledge of the three-family use since 1968, that appellees purchased the structure in good faith, as a three-family structure, and that the borough has permitted the use to continue despite actual knowledge of its existence. A review of the record reveals that substantial evidence exists to support these findings and the court will not disturb them.

No finding exists whether an unnecessary hardship would result by not granting the use and the court will exercise its discretion given under section 1010 of the Pennsylvania Municipalities Planning

code, 53 P.S. §11010 to fill the factual void. Board of Commissioners of Ross Township v. Harsch, 63 Pa. Commw. 400, 437 A.2d 1338 (1981).

Evidence presented to the board on this issue is scanty but tends to show: (1) that appellees bought the structure for investment purposes and expected that the income from the rentals would defray the mortgage payments; and (2) that the property now is located in a commercial district which does not permit residential uses by right and that this property could be used as a single family residence as a legal non-conforming use.

No evidence was submitted to show the conversion costs required to make this property a single family use or to a commercial property, but the court can surmise that the conversion would be costly and time consuming and is not self-inflicted.

Unnecessary hardship occurs where it is shown that compliance with a zoning ordinance would render a property "practically valueless." In order to justify the grant of a variance, the hardship must not be self-inflicted. Glazer v. Zoning Hearing Board of Worcester Township, 55 Pa. Commw. 234, 423 A.2d 463 (1980); Ignelzi v. Zoning Board of Adjustment, supra. A regulation which affects a property in the same way as other property in the zoning district cannot be said to cause unnecessary hardship. Also, economic hardship caused by the necessity of complying with a regulation similar affecting property in the zoning district is not sufficient to show unnecessary hardship. Immordino v. Zoning Hearing Board, 65 Pa. Commw. 79, 441 A.2d 818 (1982); Van Horen v. Zoning Hearing Board, 60 Pa. Commw. 459, 431 A.2d 1169 (1981).

Appellees are affected no differently by the zoning regulations than are other owners of legal non-conforming single family dwellings within the

zone, and the only hardship they would sustain appears to be a financial one in the way of lost rents from the two additional apartments and the funds that would have to be expended on reconverting the premises from three units to one unit. The case law is clear that economic hardship occasioned by the loss of rental income is not sufficient to satisfy the standard of unnecessary hardship. Immordino v. Zoning Hearing Board, supra, at page 821. As to the second consideration, the hardship sustained by appellees in having to reconvert the premises from three to one units is not self-inflicted and, under the circumstances of this case, (at least 53 continual years of the same use) satisfies the court that an unnecessary hardship would exist in reconverting the property.

The court concludes that appellees have met their burden in establishing the right to a variance by estoppel and that the board was correct in granting the requested application.[3]

Accordingly, the following will be entered.

## ORDER OF COURT

And now, this July 20, 1982, it is hereby ordered, adjudged and decreed that the appeal of the Borough of Dormont from the decision of the Zoning Hearing Board of the Borough of Dormont granting the application of George C. Bakopoulos and Sophie A. Bakopoulos be, and the same is hereby, dismissed, and that the decision of the board be, and the same is hereby, affirmed.

---

3. The court is mindful that the variance by estoppel doctrine as developed in Sheedy and Ignelzi must be strictly construed but it seems to the court that the facts in this case are sufficiently similar to require the grant of the occupancy permit.