528 A.2d 668

Melwood Corporation *v.* Zoning Board of Adjustment of the City of Pittsburgh. City of Pittsburgh, Appellant.

Argued March 23, 1987, before Judges MacPhail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*Kellen McClendon,* Assistant City Solicitor, with him, *D. R. Pellegrini,* City Solicitor, for appellant.

*Robert T. Vogler,* with him, *Mark S. Frank, Aderson, Frank & Steiner,* for appellee.

Opinion by Judge MacPhail, July 6, 1987:

The City of Pittsburgh (City) appeals from an order of the Allegheny County Court of Common Pleas which sustained the appeal of a decision of the City's Zoning Board of Adjustment (Board) by Melwood Corporation (Melwood) and granted a special exception. We reverse the order of the Common Pleas Court.

Before we reach the merits of this case, we must address a preliminary issue involving our scope of review in this case.

Melwood's attorney asked the Board at its hearing to grant Melwood a special exception on the basis of natu-

ral expansion of a nonconforming use. The Board was of the opinion, however, that the case "should more appropriately be heard on the basis of variances." Finding that occupancy of the structure as a six-unit multiple family dwelling would be detrimental to adjacent and abutting properties and to the neighborhood in general and that no undue hardship would be placed upon Melwood by the Board's action, the Board's decision was, "Variances Denied." The Common Pleas Court disagreed with the Board and determined that Melwood was entitled to a special exception to expand a nonconforming use. The problem arises in that the Board made no findings of fact concerning the special exception—nonconforming use issue.[1] The Common Pleas Court, even though it took no further evidence, did make findings of fact concerning this issue.

In *Frey v. Zoning Board of Adjustment, City of Pittsburgh,* 74 Pa. Commonwealth Ct. 360, 459 A.2d 917 (1983), this Court stated:

By making factual findings, the [common pleas] court exceeded its scope of review. Section 1010 of the . . . [Pennsylvania Municipalities Planning Code (MPC)[2]] does not apply to appeals of decisions by the City of Pittsburgh Zoning Board of Adjustment. . . . Under Section 754(b) of the Local Agency Law,[3] which applies here, a common pleas court may not make its own findings of fact when it has not taken additional evidence. . . . If a local agency, in this case the Board, has

---

[1] Some of the testimony concerning the special exception-nonconforming use issue was presented in the Board's decision in summary fashion. The Board, however, never stated what testimony, if any, concerning this issue it found credible.

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11202.

[3] 2 Pa. C. S. §754(b).

made inadequate factual findings, the reviewing court normally can and should remand the matter to the agency to obtain the essential factual determinations.

*Id.* at 362, 459 at 918-19 (citations and footnotes omitted).

Our scope of review, where the Common Pleas Court has taken no additional evidence, is limited to determining whether the Board committed a manifest abuse of discretion or an error of law. *Valley View Civic Ass'n v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. *Id.*

The problem we are now presented with is that we have no findings of fact *properly* before us on the issue of whether Melwood is entitled to a special exception. As we have noted, the Board made no specific findings on this issue and the trial court improperly made such findings. Under normal circumstances, we would remand this case to the Common Pleas Court with instructions to remand to the Board for further proceedings. *See Frey.*

There is authority, however, for the proposition that where the fact-finder has failed to make necessary findings on a specific issue essential to the determination of a case, and where the record as a matter of law would support only one legal conclusion with respect to that issue, rather than uselessly delaying the case by remanding, we will resolve the issue on appeal. *Workmen's Compensation Appeal Board v. Paris Neckwear Co.,* 22 Pa. Commonwealth Ct. 543, 350 A.2d 212 (1976). As the analysis which follows will reveal, assuming all of the facts set forth in Melwood's counterstatement of the case in its brief to be true, which facts are supported by the record made before the Board,

and regarding those facts in a light most favorable to Melwood, we, nevertheless, must conclude that such facts would not support findings necessary to grant a special exception to Melwood; therefore, a remand in this case would accomplish nothing.

## SPECIAL EXCEPTION — NONCONFORMANCE

Melwood's brief sets forth the following facts. Melwood requested occupancy permits for six apartment units at 256-258 Melwood Street. These permits were denied. At the time of the enactment of the current zoning ordinance in 1958, the building was used to house two families. Two-family dwellings are a permitted use in the R-5 zone. The building did not conform to the set-back, side-yard, or parking requirements of the 1958 ordinance. Melwood argues that these nonconformities with these requirements rendered the use a "nonconforming use" and, hence, Melwood has a right to expand the nonconforming use from two to six units. We disagree.

It is instructive at the outset to summarize a case with a similar factual background, *Immordino v. Morrisville Zoning Hearing Board,* 65 Pa. Commonwealth Ct. 79, 441 A.2d 818 (1982). In *Immordino,* the applicant owned a four-unit apartment house in a zoning district which permitted apartment houses. The ordinance, which was enacted after the apartment house had been established, required 2,000 square feet for each unit. The lot, however, was only 7,500 square feet in area. The apartment house was, then, nonconforming as to the lot dimension requirement. The owner applied for permission to add two units. This Court held that the owner was not entitled to a special exception to expand.

The *Immordino* Court began its analysis by citing *Silver v. Zoning Board of Adjustment,* 435 Pa. 99, 255

A.2d 506 (1969) for the general proposition that valid nonconforming uses "enjoy a constitutionally protected vested right of natural expansion as the dictates of business and modernization require." *Immordino* at 82, 441 A.2d at 819.

The *Immordino* Court then considered the rights that the ordinance involved gave to owners of nonconforming uses and the constitutional right of natural expansion. The Court concluded:

> We need not determine here, however, whether or not the owner should be afforded a right of natural expansion or whether or not his proposal meets the criteria . . . [of the ordinance] because the multi-family dwelling here involved is a permitted use in the R-3 zone within which it is located. It is, therefore, a conforming (not a *non*conforming) use and its existence triggers no right of natural expansion nor does it have any other such aspects of a *non*conforming use.

*Id.* at 83, 441 A.2d at 820 (emphasis in original).

In the case *sub judice*, the two-family dwelling was a conforming use on the date the zoning ordinance was enacted. It did not, however, comply with the set-back, side-yard or parking requirements. We conclude that this situation is legally the same as that of the apartment building which did not meet the minimum lot requirement: the nonconformity with these physical requirements did not render the *use* a nonconforming one. Hence, Melwood has no constitutionally protected right of natural expansion.

Further, nothing in the zoning ordinance would give Melwood such a right. The term "nonconforming use" is defined in the ordinance as

> a *use* of a structure or land other than a sign, lawfully existing on the effective date of this Zoning Ordinance or subsequent amendment here-

to which was erected or altered for a *use* that does not completely conform to the *use* regulations applicable in the district in which it is located.

Pittsburgh, Pa., Code §903.02(n) (1958) (emphasis added). As we have already noted, the *use* of the building did conform to the *use* regulations as of the effective date of the ordinance. It simply did not conform with area and parking requirements.

The zoning ordinance does give a nonconforming use the right to "be extended within the structure or . . . changed to a conforming use or to another nonconforming use not more detrimental to the neighborhood as a special exception by the Board." Pittsburgh, Pa., Code §991.03(b)(2) (1958). Since the *use* in this case was not nonconforming, this section of the ordinance is of no avail to Melwood.

We conclude that Melwood is not entitled to a special exception and that the board did not err in not considering the case as one in which a special exception would be appropriate.

## VARIANCE

The Board concluded that Melwood would not suffer an undue hardship if variances to allow the additional units were denied. We agree.

We turn once again to the *Immordino* case for guidance. There, this Court said that a property owner is entitled to a variance only if it sustains the heavy burden of proving that the zoning ordinance imposes an unnecessary hardship which is unique to his particular property and that, if granted, the variance would not be adverse to the public health, safety or general welfare. *Immordino.* The *Immordino* Court, in quoting from an earlier opinion of this Court, also stated:

> [A variance] may not be granted to provide relief from a regulation which affects the property in question no differently from other property in the zoning district; and economic hardship caused by the necessity of complying with a regulation similarly affecting property in the zoning district is not the unnecessary hardship which will support a variance.

*Immordino* at 85, 441 A.2d at 821 (quoting *Van Horen v. Zoning Hearing Board*, 60 Pa. Commonwealth Ct. 459, 461-62, 431 A.2d 1169, 1170 (1981)).

We reach the same conclusion that this Court reached in *Immordino*. Melwood will suffer the financial loss of lost rents from the additional units. This is not a sufficient hardship. *See id.* Melwood may also suffer a loss in re-converting the structure back to two units. It is clear that this hardship comes about as a consequence of Melwood's predecessor in title converting the building to six units contrary to the dictates of the zoning ordinance. This also is not a sufficient hardship. *See id.*[4]

The Board did not err in denying Melwood a variance. Its decision must be upheld.

## ORDER

The order of the Court of Common Pleas of Allegheny County sustaining the appeal of Melwood Corporation from a decision of the Zoning Board of Adjustment of the City of Pittsburgh and granting Melwood Corporation a special exception is reversed.

---

[4] In addition, the zoning ordinance grants the right to a variance only in circumstances where the hardships "have not resulted from any act of the appellant or his predecessors in title." Pittsburgh, Pa., Code §909.05(a)(1)(A).