564 A.2d 1044

**BLUE VALLEY QUALITY EGGS, INC., Appellant,**

v.

**The ZONING HEARING BOARD OF WASHINGTON TOWNSHIP and Ralph Shelton and Ruth M. Shelton, Appellees.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 11, 1989.

Decided Oct. 12, 1989.

Thomas R. Elliott, Jr., Poswistilo, Elliott & Elliott, Easton, for appellant.

William H. Agnew, Nazareth, for appellee, Zoning Hearing Bd. of Washington Tp.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

Blue Valley Quality Eggs, Inc. (appellant) appeals an order of the Court of Common Pleas of Northampton County which affirmed the decision of the Zoning Hearing Board of Washington Township (Board) denying appellant's application for a special exception to change from one nonconforming use to another nonconforming use.

The appellant operated a commercial chicken egg growing facility in Washington Township, which predated the 1979 enactment of the Township Zoning Ordinance. The Township's ordinance allowed the egg growing facility to continue, since the structure and lot size existed as of the ordinance adoption date. The ordinance requires a minimum 5 acre lot and 150–foot setback requirement for structures in an agricultural zone. Appellant's lot is only 3.57 acres and the structure on the lot does not meet the setback requirements.

In 1987, the commercial production of eggs was no longer desirable to appellant and it sought to convert the egg hatching facility into self-storage units. Appellant began the conversion without the necessary approval and the Township issued a cease and desist order. Appellant then sought a special exception to change from one nonconforming use to another nonconforming use. The Board, after a hearing, denied the application. The trial court affirmed the denial. This appeal followed.

The only issue before this court is whether an otherwise permitted use, conducted within a nonconforming structure and on a nonconforming lot, results in a per se, nonconforming use. The trial court did not take any addi-

tional evidence. Therefore, our scope of review will be limited to a determination of whether the Board committed a manifest abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). The appellant argues that it is entitled to a special exception because at all times the egg-growing operation was a nonconforming use on a nonconforming lot within a nonconforming structure. Therefore, appellant contends that it has a qualified right under the ordinance to change from one nonconforming use to another. The ordinance lists the following types of nonconformity:

2.1(B)(89) *Nonconforming Lot.* A lot which does not conform with the minimum lot width, or area dimensions specified for the district where such lot is situated, but was lawfully in existence prior to the effective date of this Ordinance or is legally established through the granting of a variance by the Board. Contiguous nonconforming lots under common ownership shall be considered one (1) lot.

2.1(B)(90) *Nonconforming Structure.* A structure which could not be built under this Ordinance by reason of restrictions on area, lot coverage, height, yards, or other characteristics of the structure or its location on the lot, but was lawfully in existence prior to the effective date of this Ordinance.

2.1(B)(91) *Nonconforming Use.* A use which does not comply with the applicable use provisions of this Ordinance, but which was lawfully in existence prior to the effective date of this Ordinance.

The lot is located in an agricultural district and egg production is permitted in such a district. It is, however, the lot size and the structure's failure to meet the setback requirements that comprise the nonconformity. The appellant argues that its lot's substandard size renders the use of the lot for animal husbandry as nonconforming under the

definitional terms of this ordinance. Thus, appellant argues that he is entitled to change from one nonconforming use (egg production) to another nonconforming use (storage units).

In *Melwood Corporation v. Zoning Board of Adjustment of the City of Pittsburgh*, 107 Pa. Commonwealth Ct. 246, 528 A.2d 668 (1987) and *Immordino v. Zoning Hearing Board of Morrisville Borough*, 65 Pa. Commonwealth Ct. 79, 441 A.2d 818 (1982), this Court dealt with similar situations in that appellants alleged that they were entitled to the expansion of a nonconforming use when, in actuality, the use in question was conforming. In those cases, we held that, since the use was a conforming use, the section of the ordinance pertaining to the expansion of nonconforming uses was not applicable to the appellant. This matter is factually similar in that the appellant *sub judice* seeks to change an allegedly nonconforming use when, in actuality, the use of the property in question for the production of eggs is permitted in an agricultural zone. Section 4.6G.2 of the zoning ordinance does give a landowner the right to change a nonconforming use "to another nonconforming use only if permitted as a Special Exception by the Zoning Hearing Board...." As this Court stated in *Melwood*, "[s]ince the *use* in this case was not nonconforming, this section of the ordinance is of no avail to [appellant]." *Id.*, 107 Pa.Commonwealth Ct. at 252, 528 A.2d at 671 (emphasis in original).

Therefore, the absence of a nonconforming use precludes the requested change in use. Thus, the Board's denial of the special exception was justified.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 12th day of October, 1989, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is affirmed.