590 A.2d 842

**A.R.E. LEHIGH VALLEY PARTNERS, Appellant,**

v.

**ZONING HEARING BOARD OF UPPER MACUNGIE TOWNSHIP and Gloria S. Herber, Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 7, 1991.

Decided April 29, 1991.

James G. Kellar, Kellar and Kantra, Allentown, for appellant.

Michael J. Thompson, Steckel & Stopp, Slatington, for appellees.

Before CRAIG, President Judge, PALLADINO, J., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

A.R.E. Lehigh Valley Partners, t/a the Comfort Inn, appeal an order of the Court of Common Pleas of Lehigh County which affirmed an order of the Upper Macungie Township Zoning Hearing Board (Board) granting a variance to Gloria S. Herber, t/a the Cloverleaf Motel. We must reverse.

The Cloverleaf Motel is located on a tract of land within Upper Macungie Township at the intersection of I–78 and U.S. 100. The tract is zoned Highway Commercial under the Township's zoning ordinance. Ms. Herber and her family have operated the motel for over twenty-seven years, this use predating the Township's zoning ordinance. The motel is presently made up of two separate structures containing twenty-nine units.

Under the Township's zoning ordinance, motels are permitted as a conditional use in the Highway Commercial district. The ordinance requires a minimum lot size of five acres, a set back of 100 feet from the street and a maximum building height of thirty-five feet. The tract on which the Cloverleaf Motel is located contains only 4.608 acres. Ms. Herber has proposed that she raze the existing structures and build a four-story building housing 130 guest rooms. The proposed building would be fifty-six feet high and encroach into the required set back. Accordingly, Ms. Herber requested the necessary variances to allow the construction of the new motel in accordance with these plans.

The Comfort Inn is located on a tract adjacent to the Herber tract. Its building, which exceeds fifty feet in height because of a variance which had been granted, contains 127 guest rooms. When Ms. Herber applied for the variances, appellant appeared through its attorney to object to the proposed variances. Hearings were held before the Board which granted all of the necessary variances. Appellant sought review of the Court of Common Pleas of Lehigh County. That court, without receiving additional

364

evidence, affirmed the order of the Board and this appeal followed.

■ Where the common pleas court does not take additional evidence, our scope of review is limited to determining whether the zoning board manifestly abused its discretion or committed an error of law. *West Goshen Township v. Crater,* 114 Pa.Commonwealth Ct. 245, 538 A.2d 952 (1988). Appellant argues that the Board committed legal error in granting these variances. Before we can reach that question, however, we must consider Ms. Herber's contention that appellant lacks standing to challenge the action taken by both the Board and the trial court.

■ Herber argues that appellant lacks standing because it is merely a business competitor. In support of her position, Ms. Herber relies upon *In re: Farmland Industries, Inc. Appeal,* 109 Pa.Commonwealth Ct. 304, 531 A.2d 79 (1987), *petition for allowance of appeal denied,* 517 Pa. 631, 539 A.2d 812 (1988). In that case, we held that a business competitor whose property neither abuts nor is in the immediate vicinity of the property subject to the zoning board's action lacks the requisite standing. As appellant's property abuts the Herber parcel, *Farmland* does not support Ms. Herber's argument. At oral argument, Ms. Herber's counsel was asked to identify any case where an adjoining landowner had been held to not have standing; counsel put forth *Cablevision—Division of Sammons Communications, Inc. v. Zoning Hearing Board of Easton,* 13 Pa.Commonwealth Ct. 232, 320 A.2d 388 (1974). That case is also inapposite because there the abutting property owner's property was in a different municipality than the property subject to the zoning action. As an abutting landowner, the appellant here has standing.

■ One applying for a variance must prove, inter alia, an unnecessary hardship resulting from an application of the zoning ordinance. *Board of Supervisors of Upper Southampton Township v. Zoning Hearing Board of Upper Southampton Township,* 124 Pa.Commonwealth Ct. 103, 555 A.2d 256 (1989). We have stated:

[I]n order to show unnecessary hardship so as to justify a variance, it must be shown that either (1) the physical characteristics of the property are such that it could not in any case be used for *any permitted purpose* or that the physical characteristics of the property are such that it could only be arranged for such purposes at prohibitive expense, or (2) the characteristics of the property are such that the lot has either no value or only distress value for any purpose permitted by the ordinance.

*Griffith v. Zoning Hearing Board of Exeter Township,* 109 Pa.Commonwealth Ct. 382, 386, 531 A.2d 121, 123 (1987) (emphasis added). A review of the record made before the Board shows no evidence which could support a finding that an unnecessary hardship existed. There was no testimony that the lot had no value or only distress value. Furthermore, no one offered testimony that the land could not be used for a permitted purpose *as the land is presently being used to house a motel, a permitted use under the ordinance.* [1] Furthermore, it is well settled that as a general rule, economic hardship per se does not constitute the requisite unnecessary hardship. *Seip v. Millcreek Township Supervisors,* 118 Pa.Commonwealth Ct. 146, 544 A.2d 1091, *petition for allowance of appeal denied,* 520 Pa. 622, 554 A.2d 513 (1988). Finally, a variance should not be granted simply because such a grant would permit the owner to obtain a greater profit from the use of the property. *Appeal of Eureka Stone Quarry, Inc.,* 115 Pa.Commonwealth Ct. 1, 539 A.2d 1375, *petition for allowance of appeal denied,* 520 Pa. 599, 552 A.2d 253 (1988).

Ms. Herber also argues that the variances were properly granted because of the right of a non-conforming use to expand. *See generally Silver v. Zoning Board of Adjustment,* 435 Pa. 99, 255 A.2d 506 (1969); *Jenkintown Towing Service v. Zoning Hearing Board of Upper Moreland Township,* 67 Pa.Commonwealth Ct. 183, 446 A.2d 716 (1982). Ms. Herber did testify that, unless the variances

---

1. A use permitted by special exception under a zoning ordinance is a permitted use. *Abbey v. Zoning Hearing Board of East Stroudsburg,* 126 Pa.Commonwealth Ct. 235, 559 A.2d 107 (1989).

were granted and the new building was constructed, the continued viability of her motel business was threatened. If the principle of expansion of a non-conforming use were applicable, this testimony, if believed[2], could have been relevant on the question of unnecessary hardship. *Bellosi v. Zoning Hearing Board of Clifton Heights Borough,* 96 Pa.Commonwealth Ct. 83, 506 A.2d 997 (1986). We do not believe that principle applies to this case.[3]

As previously mentioned, the zoning ordinance allows a motel in the Highway Commercial district as a conditional use, a permitted use. The present *use* is *not* a *non-conforming use* and thus does not enjoy the constitutionally protected right of natural expansion. *Melwood Corporation v. Zoning Board of Adjustment of Pittsburgh,* 107 Pa.Commonwealth Ct. 246, 528 A.2d 668 (1987); *Immordino v. Morrisville Zoning Hearing Board,* 65 Pa.Commonwealth Ct. 79, 441 A.2d 818 (1982). Rather, motels are a permitted use for this property; since the proposed new buildings will encroach on various dimensional requirements a variance is required. *Id.* As we have already held earlier in this opinion, Ms. Herber failed to prove that she was entitled to a variance. Accordingly, we must reverse the trial court's order.[4]

## ORDER

NOW, April 29, 1991, the order of the Court of Common Pleas of Lehigh County, dated May 17, 1990, at No. 89–C–2032 Civil Action—Zoning Appeal, is reversed.

2. The Board made no specific finding concerning the credibility of this testimony.

3. The Township's zoning ordinance does contain provisions pertaining to the expansion or modification of non-conforming uses, lots and structures. Ms. Herber, however, has not relied upon these sections of the ordinance and has limited her argument to the general principles concerning natural expansion of a non-conforming use.

4. It is apparent from a review of this record that both the Board and the trial court considered the fact that the appellant was granted a variance to exceed the ordinance's height limitations yet is now opposing the grant of a similar variance to a business competitor. We know of no principle in the law of zoning which would prohibit the appellant from enforcing its legal rights under these circumstances.