IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Solow RI, Inc. and Phila RI, Inc.,    :
                   Appellants    :
                          :
           v.              :
                          :
Philadelphia Zoning Board of    :
Adjustment; H. Kulp, Inc. and    :    No. 333 C.D. 2019
Blenheim Capital Group, LLC    :    Argued: November 12, 2019


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                       FILED: December 9, 2019


        Solow RI, Inc. and Phila RI, Inc. (Objectors) petition this Court for review of the Philadelphia County Common Pleas Court's (trial court) February 6, 2019 order affirming the Philadelphia Zoning Board of Adjustment's (ZBA) decision granting H. Kulp, Inc. and Blenheim Capital Group, LLC's (collectively, Applicant) variances. There are two issues before this Court: (1) whether Objectors have standing; and (2) whether substantial evidence supports the ZBA's finding of unnecessary hardship.


**Facts**

        Applicant owns an 8.6-acre lot at 3601 Island Avenue (Property). There is an industrial warehouse on 6 acres of the lot and the remaining 2.6 acres are undeveloped. On October 18, 2017, Applicant applied to the Philadelphia Department of Licenses and Inspections (L&I) for a zoning/use registration permit

for a proposed relocation of lot lines to create two lots, i.e., Lot 1 (6 acres) and Lot 2 (2.6 acres) at the Property, and for construction of a 4-story, 148-unit hotel with an eat-in restaurant, 151 accessory open-air parking spaces and 4 accessory signs on Lot 2. L&I determined that the proposed eat-in restaurant and hotel (Visitor Accommodation) were prohibited in the Property's I-2 Industrial zoning district, and that the proposed signs were not permitted because they would be located above the proposed structure's second floor windowsill. On November 11, 2017, L&I issued a notice of refusal. Applicant appealed from the refusal to the ZBA.

The ZBA held hearings on April 3 and May 16, 2018. At the conclusion of the May 16, 2018 hearing, the three ZBA members in attendance voted unanimously to grant the requested variances. Objectors appealed to the trial court. On February 6, 2019, the trial court affirmed the ZBA's decision. Objectors appealed to this Court.[1] On March 4, 2019, the trial court directed Objectors to file a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b) Statement). On March 22, 2019, Objectors filed their Rule 1925(b) Statement. On April 25, 2019, the trial court filed its opinion.

## Discussion

Objectors argue that substantial evidence does not support the ZBA's finding of unnecessary hardship. Applicant rejoins that Objectors are improperly using zoning proceedings to foreclose commercial competition.

---

[1] Where the parties present no additional evidence, "our review is limited to determining whether the ZBA committed an abuse of discretion or an error of law." *Soc'y Hill Civic Ass'n v. Phila. Zoning Bd. of Adjustment*, 42 A.3d 1178, 1185 n.2 (Pa. Cmwlth. 2012).

2

**Standing**

At the outset, Applicant asserts that Objectors do not have standing to bring this appeal because their challenge is based entirely on elimination of commercial competition. Objectors respond that, notwithstanding the fact that they are business competitors, they have standing because they are abutting property owners. Objectors cite *A.R.E. Lehigh Valley Partners v. Zoning Hearing Board of Upper Macungie Township*, 590 A.2d 842 (Pa. Cmwlth. 1991), to support their position.

This Court recognizes that "[w]e cannot allow zoning appeals to be used as a method to deter free competition." *In re Farmland Indus., Inc.*, 531 A.2d 79, 84 (Pa. Cmwlth. 1987). However, presented with the same argument, the *A.R.E.* Court explained:

> [The applicant] argues that [the objector] lacks standing because it is merely a business competitor. In support of [its] position, [the objector] relies upon [*Farmland*]. . . . In that case, we held that a business competitor whose property neither abuts nor is in the immediate vicinity of the property subject to the zoning board's action lacks the requisite standing. As [the objector's] property abuts the [applicant's] parcel, *Farmland* does not support [the applicant's] argument. . . . **As an abutting landowner, the appellant here has standing**.

*A.R.E.*, 590 A.2d at 843 (emphasis added); *see also Abe Oil Co. v. Zoning Hearing Bd. of Richmond Twp.*, 649 A.2d 182, 185 n.3 (Pa. Cmwlth. 1994) ("Even if standing had been raised below, we would hold that [the objector's] status is not only as a business competitor, but as a 'person affected' by [applicant's] application.").

Moreover,

> this Court explained that '[g]enerally, in order to establish standing as an 'aggrieved person,' it must be shown that the person has a substantial, direct *and* immediate interest in the claim sought to be litigated[;]' notwithstanding, 'a property

owner need not establish pecuniary or financial loss **if** his **property is located in close proximity to the subject property** because **the zoning decision is presumed to have an effect on the property owner's property**.' [*Laughman v. Zoning Hearing Bd. of Newberry Twp.*, 964 A.2d 19, 22 (Pa. Cmwlth. 2009),] (emphasis added). Thus, '[t]he owner of property that is adjacent to or abuts the property at issue is 'aggrieved' and has standing to appeal a [zoning] board decision.' *Bradley v. Zoning Hearing Bd. of Borough of New Milford*, 63 A.3d 488, 491 (Pa. Cmwlth. 2013).

*Plaxton v. Zoning Bd. of Adjustment*, 213 A.3d 374, 379-80 (Pa. Cmwlth. 2019) (emphasis added; footnote omitted). Because Objectors' status is not only as business competitors, but also as abutting property owners, they have standing to appeal.

**Unnecessary Hardship**

Objectors contend that Applicant's hardship is attendant to his person, not the Property. Further, Objectors assert that Applicant did not present any evidence that the Property has unique physical conditions but, rather, presented only an unsuccessful attempt to sell the entire Property. Applicant rejoins that it presented sufficient evidence of unnecessary hardship. In particular, Applicant claims that it presented evidence of a lack of marketability for industrial use and a change of circumstances indicating a transition away from such a use.

Initially, Section 14-303(e)(.1) of the Philadelphia Zoning Code (Code) provides, in relevant part:

The [ZBA] shall grant a variance only if it finds each of the following criteria are satisfied:

(.a) The denial of the variance would result in an unnecessary hardship. The applicant shall demonstrate that the unnecessary hardship was not created by the applicant and that the criteria set forth in [Section] 14-303(8)(e)(.2)

4

[of the Code] (Use Variances) [], in the case of use variances . . . have been satisfied;

(.b) The variance, whether use or dimensional, if authorized will represent the minimum variance that will afford relief and will represent the least modification possible of the use or dimensional regulation in issue;

(.c) The grant of the variance will be in harmony with the purpose and spirit of this [] Code;

(.d) The grant of the variance will not substantially increase congestion in the public streets, increase the danger of fire, or otherwise endanger the public health, safety, or general welfare;

(.e) The variance will not substantially or permanently injure the appropriate use of adjacent conforming property or impair an adequate supply of light and air to adjacent conforming property;

(.f) The grant of the variance will not adversely affect transportation or unduly burden water, sewer, school, park, or other public facilities;

(.g) The grant of the variance will not adversely and substantially affect the implementation of any adopted plan for the area where the property is located; and

(.h) The grant of the variance will not create any significant environmental damage, pollution, erosion, or siltation, and will not significantly increase the danger of flooding either during or after construction, and the applicant will take measures to minimize environmental damage during any construction.

Phila. Code § 14-303(e)(.1). Section 14-303(8)(e)(.2) of the Code specifies:

To find an unnecessary hardship in the case of a use variance, the [ZBA] must make all of the following findings:

(.a) That there are unique physical circumstances or conditions (such as irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions) peculiar to the property, and that the

5

unnecessary hardship is due to such conditions and not to circumstances or conditions generally created by the provisions of this [] Code in the area or zoning district where the property is located;

(.b) That because of those physical circumstances or conditions, there is no possibility that the property can be used in strict conformity with the provisions of this [] Code and that the authorization of a variance is therefore necessary to enable the viable economic use of the property;

(.c) That the use variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and

(.d) That the hardship cannot be cured by the grant of a dimensional variance.

Phila. Code § 14-303(e)(.2). The Pennsylvania Supreme Court has explained:

[I]n the context of use variances, 'unnecessary hardship is established by evidence that: (1) the physical features of the property are such that it cannot be used for a permitted purpose; **or** (2) the property can be conformed for a permitted use only at a prohibitive expense; **or** (3) the property has no value for any purpose permitted by the zoning ordinance.' *Hertzberg v. Zoning* [*Bd.*] *of Adjustment of the City of Pittsburgh*, . . . 721 A.2d 43, 47 ([Pa.] 1998)[.]

This Court has repeatedly made clear that in establishing hardship, an applicant for a variance is *not required* to show that the property at issue is valueless without the variance or that the property cannot be used for any permitted purpose. On several occasions, we have reversed the Commonwealth Court when it had relied on such a standard for unnecessary hardship in reversing the grant of a variance. Showing that the property at issue is 'valueless' unless the requested variance is granted 'is but one way to reach a finding of unnecessary hardship; it is not the only factor nor the conclusive factor in resolving a variance request.' *Hertzberg*, [721 A.2d] at 48. Rather, 'multiple factors are to be taken into account' when assessing whether unnecessary hardship has been established. *Id.*

6

Furthermore, we have never required a property owner seeking a variance to present direct evidence as to the value of the property as zoned. In addition, although evidence of a property owner's inability to sell may be probative, *id.*, we have concluded that it is 'unreasonable to force a property owner to try to sell his property as a prerequisite to receiving a variance.' *Allegheny* [*W. Civic Council, Inc. v. Zoning Bd. of Adjustment of the City of Pittsburgh*, 689 A.2d 225,] 228 [(Pa. 1997)].

**Although a property owner is not required to show that his or her property is valueless unless a variance is granted, '[m]ere economic hardship will not of itself justify a grant of a variance**.' *Wilson v. Plumstead* [*Twp.*] *Zoning Hearing* [*Bd.*], . . . 936 A.2d 1061, 1069 ([Pa.] 2007) (citation omitted). In *Valley View* [*Civic Association v. Zoning Board of Adjustment*, 462 A.2d 637,] 640 [(Pa. 1983)], we explained that 'mere evidence that the zoned use is less financially rewarding than the proposed use is insufficient to justify a variance.' Particularly where a variance is sought in order to make a change from an existing use consistent with the zoning code to an inconsistent use, 'the mere fact that the property would increase in value if a variance were granted, is not of itself a sufficient basis' upon which to find unnecessary hardship. *O'Neill v. Phila*[.] *Zoning* [*Bd.*] *of Adjustment*, . . . 120 A.2d 901, 904 ([Pa.] 1956); *see also Wilson*, [936 A.2d] at 1070 ('**A variance will not be granted because a zoning ordinance deprives the landowner of the most lucrative and profitable uses**.') (internal quotation marks and citation omitted).

However, a zoning board's discretion is 'not so circumscribed as to require a property owner to reconstruct a building to a conforming use regardless of the financial burden that would be incident thereto. Especially is this true where the change sought is from one non[-]conforming use to another more desirable non[-]conforming use that will not adversely affect but better the neighborhood.' *O'Neill*, [120 A.2d] at 904; *see also Halberstadt v. Borough of Nazareth*, . . . 687 A.2d 371, 373 ([Pa.] 1997) (in a case in which a variance was granted for a massive, legally non-conforming, one-story building erected in 1914, stating that '[p]roperty owners are not required to reconstruct a building to a conforming use regardless of the financial burden.').

7

> **Thus, economic factors are relevant, albeit not determinative, in a variance assessment**.

*Marshall v. City of Phila.*, 97 A.3d 323, 329-31 (Pa. 2014) (emphasis added; citations omitted).

The *Marshall* Court reversed this Court and upheld the ZBA's decision which found a hardship based on the following:

> The ZBA concluded that the [applicant] had established the 'overwhelming support' of the surrounding community for the housing project. In addition, the [applicant] had demonstrated the 'unique nature' of the property, one aspect of which was its legally non-conforming character. **The building currently was vacant, in need of repair and providing no benefit to the community**. The variances sought for parking, traffic, trash, and aesthetics 'would not adversely impact the health, safety and welfare of the surrounding community,' and in fact, the proposed use would be less burdensome on the community than the previous use as a school or other uses permitted as of right. **The conditions that formed the basis for the requested variances were not the result of the [applicant's] actions, but rather were unique to the property and related to its legally non-conforming character**.

*Id.* at 327-28 (emphasis added; record citations omitted).

Similarly, in *Liberties Lofts LLC v. Zoning Board of Adjustment*, 182 A.3d 513 (Pa. Cmwlth. 2018), this Court affirmed a trial court's order upholding a ZBA's hardship determination. The *Liberties* Court explained:

> [T]he ZBA's finding of unnecessary hardship is based on its supported determinations that **the subject property, which is currently improved with a mostly vacant, dilapidated warehouse, is valueless as zoned or could only be converted to a permitted use at a prohibitive expense**. **This constitutes unnecessary hardship**. *Marshall.* Additionally, the ZBA relied on the fact that the area surrounding the subject property ha[d] transitioned from industrial to residential use. No error is apparent in that regard.

*Liberties*, 182 A.3d at 534-35 (emphasis added; record citations omitted).

Here, the ZBA concluded:

The Property is surrounded by similar and/or compatible uses (including six other hotels) and efforts to market it failed to produce any offers from parties interested in developing it for a permitted industrial use.

The [ZBA] concludes that these circumstances are sufficient to establish the hardship required for grant of a variance.

ZBA Dec. at 7 ¶¶ 10-11.

This Court is mindful that "[i]t is the function of the [ZBA] to determine whether the evidence satisfies the criteria for granting a variance[,]" and that "[a]n appellate court errs when it substitutes its judgment on the merits for that of [the ZBA]." *Marshall*, 97 A.3d at 331. However, "[t]he burden on an applicant seeking a variance is a heavy one, and the reasons for granting the variance must be substantial, serious and compelling." *Liberties*, 182 A.3d at 530. Neither ZBA in *Marshall*, nor in *Liberties*, based its hardship conclusion solely on the combination of the property's lack of marketability and the change in the surrounding neighborhood. In one instance, "[t]he building [] was vacant, in need of repair and provid[ed] no benefit to the community[,]" *Marshall*, 97 A.3d at 327, and the other, the subject property was "a mostly vacant, dilapidated warehouse, [was] valueless as zoned or could only be converted to a permitted use at a prohibitive expense[.]" *Liberties*, 182 A.3d at 534.

In the instant case, Lot 1 contains a viable 84,000-square-foot industrial building currently housing a car rental operation, as well as one long-term tenant and one short-term tenant. *See* Reproduced Record (R.R.) at 24a. The fact that Applicant tried unsuccessfully to sell the entire 8.6-acre Property to no avail, *see* R.R. at 24a-25a, does not establish an unnecessary hardship. Notwithstanding that subdividing the Property into two lots and constructing the Visitor Accommodation would be

9

lucrative to Applicant, "a variance will not be granted because a zoning ordinance deprives the landowner of the most lucrative and profitable uses." *Marshall*, 97 A.3d at 330 (quoting *Wilson*, 936 A.2d at 1070). "Although a property owner is not required to show that his or her property is valueless unless a variance is granted, '[m]ere economic hardship will not of itself justify a grant of a variance.'" *Marshall*, 97 A.3d at 330 (quoting *Wilson*, 936 A.2d at 1069). Because "economic factors are relevant, albeit **not determinative**, in a variance assessment[,]" this Court is constrained to hold that substantial evidence does not support the ZBA's conclusion that Applicant met its burden of proving an unnecessary hardship. *Marshall*, 97 A.3d at 331.

## Conclusion

For all of the above reasons, the trial court's order is reversed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Solow RI, Inc. and Phila RI, Inc., | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| Philadelphia Zoning Board of | : | |
| Adjustment; H. Kulp, Inc. and | : | No. 333 C.D. 2019 |
| Blenheim Capital Group, LLC | : | |

## O R D E R

AND NOW, this 9th day of December, 2019, the Philadelphia County Common Pleas Court's February 6, 2019 order is reversed.

_____
ANNE E. COVEY, Judge